## ROSE *v.* AARON.

1. Husband and Wife—Injunction—Supervision of Relations of Wife with Another Man.

   A husband is not entitled to an injunction to prevent another man from receiving gifts from, associating with, or visiting the plaintiff's wife.

2. Injunction—Disobedience of Temporary Restraining Order—Contempt.

   A temporary restraining order should be obeyed until dissolved and a court has power to punish disobedience thereof as for contempt.

3. Same—Disobedience of Improperly Entered Temporary Restraining Order.

   Defendant who disobeyed a temporary restraining order that should have been dismissed upon his motion, is not subjected to requirement that he present himself before trial judge for resentencing, where sentence for contempt was suspended pending appeal and on appeal it has been determined that the temporary restraining order should not have been entered.

4. Costs—Contempt—Violation of Improperly Issued Temporary Restraining Order.

   No costs are allowed husband upon entry of an order dissolving temporary restraining order, requiring defendant not to accept gifts from or associate with plaintiff's wife, that had been improperly issued against a defendant who had later been charged with contempt for failure to comply therewith.

---

References for Points in Headnotes

[1] 27 Am Jur, Husband and Wife § 520; 28 Am Jur, Injunctions § 122.

[1] Injunction to prevent one person from associating with another: 5 ALR 1044.

Jurisdiction of equity to protect personal rights; modern view. 175 ALR 438.

[2] 28 Am Jur, Injunctions §§ 11, 334.

[3] 28 Am Jur, Injunctions § 329.

[4] 28 Am Jur, Injunctions § 350.

Appeal from Wayne; Murphy (George B.), J. Submitted April 4, 1956. (Docket No. 21, Calendar No. 46,707.) Decided May 14, 1956.

Bill by Stanford Rose against Richard Aaron for injunction restraining latter from associating with former's wife. Following temporary restraining order, defendant was found guilty on contempt proceedings and sentenced. Defendant appeals. Affirmed in part, reversed in part, and bill dismissed.

*Harry H. Anbender* and *David Anbender,* for plaintiff.

*Lee C. McManus,* for defendant.

DETHMERS, C. J. Plaintiff filed a bill of complaint, the prayer of which asked for no other relief than a temporary and permanent injunction restraining defendant from receiving gifts from, associating with, or visiting plaintiff's wife. Plaintiff obtained an *ex parte* temporary restraining order granting such relief. Thereafter plaintiff obtained an order requiring defendant to show cause why he should not be punished for contempt for violation of the restraining order. Upon hearing thereon, defendant was found guilty of contempt in the manner stated and sentenced to serve 30 days in the county jail and pay costs of $50. From the order finding defendant guilty of contempt and imposing the sentence, he appeals.

Under our holding in *Hadley* v. *Hadley,* 323 Mich 555, plaintiff was not entitled to the relief prayed, the temporary restraining order should not have issued, and defendant's motion to dismiss the bill of complaint and dissolve the temporary restraining order, denied by the trial court, should have been granted.

Although the temporary restraining order was improperly granted, it should have been obeyed until dissolved and the court had the power to punish disobedience thereof as for contempt. *Holland* v. *Weed,* 87 Mich 584, 588; *Phillips* v. *City of Detroit,* 2 Flip 92, 99 (Fed Cas No 11,101). Accordingly, defendant is not entitled to reversal of the order from which he appeals nor to costs. That order further provided, however, that the sentence therein specified be suspended to permit an appeal here, failing in which defendant was to be required to present himself to the trial court "for re-sentence." In line with the reasoning in *Holland* v. *Weed, supra,* we do not think, in view of the circumstances of this case and the provisions of the lower court's order, that that court is called upon to protect its dignity by resentencing defendant for violation of a temporary restraining order improperly entered.

An order may enter here dissolving the restraining order and dismissing plaintiff's bill of complaint. No costs.

SHARPE, SMITH, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.

The late Justice REID took no part in the decision of this case.