CITY OF TROY *v.* HOLCOMB.

1. MUNICIPAL CORPORATIONS—CHANGE OF ORGANIZATION—VESTED RIGHTS—ACTION.

All rights, liabilities, property, and suits vested in a municipal organization remain unaffected by its change into a different organization and become vested in the new.

2. PARTIES—SUBSTITUTION—INJUNCTION—MUNICIPAL CORPORATIONS.

The incorporation of substantially all of the territory of a township into a city effected a succession of the city to the rights of the former township and made its substitution for the township as a party to suit to enjoin defendants from operating a sawmill in violation of township zoning ordinance necessary or desirable (Court Rule No 49 [1945]).

3. SAME—SUBSTITUTION—CHANGE OF TITLE.

Substitution of parties may be effected with or without a change in the title of the cause (Court Rule No 49 [1945]).

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—INJUNCTION—INTERVENTION—SUBSTITUTION OF PARTIES.

Whether or not city should intervene in suit by township to enjoin defendants from operating a sawmill in violation of township zoning ordinance when city succeeded to township's rights, liabilities, property, and suits, rather than be substituted for the township is not determined, where the matter has not been argued nor is apparent on the facts.

REFERENCES FOR POINTS IN HEADNOTES

[1] 37 Am Jur, Municipal Corporations § 40.
[2] 39 Am Jur, Parties §§ 99, 100.
[3] 39 Am Jur, Parties § 98.
[4] 3 Am Jur, Appeal and Error § 246.
[5] 28 Am Jur, Injunctions § 319.
[6, 8] 28 Am Jur, Injunctions §§ 258, 296.
[7] 58 Am Jur, Zoning § 146.

5. INJUNCTION—UNILATERAL ABROGATION BY PARTY ENJOINED.

A decree in a suit for injunction is not vunerable to unilateral abrogation by the party enjoined and he can build no rights upon violation of the injunction.

6. SAME—SAWMILL—TOWNSHIP ZONING ORDINANCE—MODIFICATION OF DECREE—INCORPORATION OF CITY.

Operation of sawmill, enjoined in suit by township as a violation of its zoning ordinance continued to be subject to decree until modified by court itself, notwithstanding incorporation of township territory into a city and an interval between adoption of city charter and adoption of city zoning ordinance.

7. SAME—SAWMILL—TOWNSHIP ZONING. ORDINANCE—INCORPORATION OF CITY—NONCONFORMING USE.

Effort of sawmill operators to gain a nonconforming use by operating sawmill after new city incorporated from territory of township which had secured an injunction against their operation at such place as in violation of township zoning ordinance and before city adopted its own ordinance, *held*, ineffective, where they had not petitioned court for modification of decree, as injunction had not lapsed.

8. SAME—SUCCESSOR PARTY—TOWNSHIPS—SAWMILL—CITY.

A city, incorporated from territory of township which had obtained an injunction against defendants from operating their sawmill in violation of township zoning ordinance, was entitled to enforce the decree as successor plaintiff in the township's suit.

Appeal from Oakland; Holland (H. Russel), J. Submitted October 12, 1960. (Docket No. 76, Calendar No. 48,046.) Decided January 9, 1961.

Petition by the City of Troy, a municipal corporation, against John C. Holcomb and Rose Holcomb, praying for enforcement of decree granted its predecessor, the township of Troy, enjoining the use of their property for operation of a sawmill in violation of zoning ordinance. Order granting plaintiff relief sought. Defendants appeal. Affirmed.

*Burke & Osgood (Stanley E. Burke,* of counsel), for plaintiff.

*George A. Cram,* for defendants.

SMITH, J. On June 13, 1955, the city of Troy was created from the former township of Troy.[1] Its efforts to continue the zoning plan then in effect are attacked here.

In 1952 the defendants had been enjoined, upon the complaint of the township of Troy, from operating a sawmill on the premises described as 2488 East Maple road, Troy township. Such operation had been held in violation of the zoning ordinance of the township. Defendants thereupon appealed to this Court. Before the appeal was heard, however, the electors of the township of Troy voted to adopt the charter of the city of Troy, which was adopted officially on December 12, 1955. Chapter 5, section 1, of the charter (entitled "interim legislation") provides as follows:

"The valid provisions of all bylaws, ordinances, resolutions, rules and regulations of the township of Troy which are not inconsistent with this charter and which are in force and effect and lawfully applicable to the territory of the city of Troy, at the time of the effective date of this charter, shall continue in full force and effect and be administered by the city until and unless repealed or amended under provisions hereof or rendered invalid by law; provided however, that if any such bylaw, ordinance resolution, rule or regulation provides for the appointment by the township board or commission, future appointments of such persons shall be made by the commission. Fees originally payable to the township under such provisions as to said territory, hereafter shall be paid to the city."

---

[1] "Except," we are told by the city, "for one small 4-acre parcel."

To defendant John C. Holcomb, who had been, at the least, restive under the injunction, the incorporation of the city presented an opportunity. In his own words, "When it became a city, under legal advice that I would start my mill and, if possible, gain a nonconforming use, which I did, and on the second day after it became a city is when a load of logs was brought in."

The city of Troy petitioned this Court to substitute it "as the successor party plaintiff in this action," to order defendants to comply with the decree below pending resolution of the appeal and to show cause why defendants should not be found in contempt, and for other relief, setting forth that defendants had been dilatory in the prosecution of their appeal and that they had violated and were violating the decree under a claim that the adoption of the charter and the incorporation of the city of Troy had left the premises unzoned. We thereupon dismissed defendants' appeal, "it appearing that defendants do not intend to prosecute [it]," without prejudice to "the right of plaintiff to refile the substance of its petition filed here with the trial court." Such petition was filed with the circuit court below, as was a petition by the city to intervene in the action originally brought in the name of the township of Troy. The circuit court, after hearings, ordered that the city be substituted for the township as party plaintiff, and that it be "entitled to enforce this court's decree of September 10, 1952, upon proper application to this Court for its enforcement."

Defendants again appeal. Their brief urges upon us 2 arguments, phrased in the following terms:

"Under the present state of the record in this case the court was never legally empowered to substitute the city of Troy as plaintiff in this case."

"The city of Troy could not and cannot solely by reference in its charter incorporate the zoning ordi-

nance of the township of Troy so as to make the same enforceable by the city within the corporate limits of the city."

The answer to the first argument is suggested by the accurate statement of the law by McQuillin in his treatise on Municipal Corporations:[2]

"Unless otherwise provided by statute, when a municipal corporation surrenders its special charter and elects to be governed by the general incorporation laws applicable, or advances to a higher class, or is reduced to a lower municipal grade, all its rights, liabilities, property, suits, et cetera, remain unaffected by the change. All rights and property vested in the old organization become vested in the new. Statutes frequently prescribe that all rights and property of every kind and description which were vested in the old under its former organization shall be deemed and held to be vested in the new corporation, but no rights or liabilities, either in favor of or against such municipal corporation, existing at the time of the change of organization, and no suit or prosecution of any kind shall be affected by such change, but the same shall stand and progress as if no changes had been made."

So, here, the city of Troy succeeds to the rights of the township of Troy, and its substitution for the township was "necessary or desirable." Court Rule No 49 (1945). The title of the cause is unimportant. In fact, substitution may be effected "with or without a change in the title of the cause." Court Rule No 49. We need not rule upon intervention as an alternative to substitution, though we note that the purpose of intervention, the prevention of a multiplicity of suits,[3] is neither argued to us nor apparent upon the facts. There was no error in ordering the substitution.

---

[2] 2 McQuillin, Municipal Corporations (3d ed), § 9.33.

[3] See *Attorney General* v. *Lapeer Farmers Mutual Fire Ins. Assn.*, 300 Mich 320.

Defendants deny that the city had any authority to carry forward the zoning plan of the township by an interim provision in its charter. From this premise they assert that an interval occurred (between the adoption of the charter of the city of Troy and the effective date, March 25, 1957, of its zoning ordinance) in which the city was without effective zoning. In the interval, they continue, defendants built up a nonconforming use of which they may not be deprived by the zoning ordinance.

In view of the significant difference between the controversy before us and that considered in *Stevens* v. *City of Madison Heights,* 358 Mich 90, we need not discuss the applicability of the rule of such case (since modified by PA 1957, No 131)[4] to the situation of the defendants herein. Here the interim ordinance is no longer in effect and the city's zoning in no manner rests upon it, through amendment thereof or otherwise. But to the defendants it remains the keystone of their argument. For their assertion is that by resuming operation of their sawmill after the creation of the city of Troy they established a nonconforming use, or, in their own words, that "the city was without any zoning ordinance prior to March 25, 1957 [the effective date of the city's zoning ordinance], before which date Holcomb had acquired a nonconforming use."

---

[4] "Sec 4i, Each city may in its charter provide:   *   *   *

"(3) For the establishment of districts or zones within which the use of land and structures, the height, the area, the size and location of buildings and required open spaces for light and ventilation of such buildings and the density of population may be regulated by ordinance. Such regulations in 1 or more districts may differ from those in other districts. Whenever any city is incorporated, or whenever territory is annexed to any city incorporated pursuant to the provisions of this act, the then existing zoning regulations for the territory within the newly incorporated city or for the annexed territory, shall remain in full force and effect for a period of 1 year after incorporation, or annexation, unless the legislative body of the city shall lawfully adopt other zoning regulations or ordinances." CL 1948, § 117.4i. as amended by PA 1957, No 131 (Stat Ann 1959 Cum Supp § 5.2082).

The difficulty with the position taken by the Holcombs is that during all of this time that they were operating their sawmill, in the hopes of obtaining thereby a nonconforming use, there was an injunction forbidding them "from using said premises, or any portion thereof, for the operation of a sawmill." The trial chancellor summarized John Holcomb's testimony in these terms: "He is saying during the life of the decree, under the township government, he complied with the decree; he says as soon as the city came into being then he did not consider himself bound by the decree and then he started the sawmill and probably some other things." His effort, at this time, as we have seen, was to, "if possible, gain a nonconforming use."

The defendants may not, in truth, have considered themselves bound by the decree. But that will not avail them. A decree is not vulnerable to unilateral abrogation by the party enjoined and he can build no rights upon such action. In short, even if defendants were held to be correct in their argument that there had been a lapse of all zoning in the above-described interval, their position would not be aided, for there was never a lapse in the injunction respecting the sawmill operations. If the defendants believed that with the creation of the city there was a failure of all zoning, which failure destroyed the basis for the decree forbidding the operation of their sawmill, their proper course was to apply to the chancellor for its modification to the degree that it was based upon zoning and not upon nuisance. No citizen, having had certain activities enjoined, may resume them upon his individual determination that the injunction is for some reason no longer applicable and thus gain an advantage (in this case establish a nonconforming use) from his own violation. There is a safe and easy way, without resort to self-help, to ascertain whether or not the

chancellor believes the injunction still to be necessary.

The trial chancellor did not find himself required to pass upon this question since he concluded that the interim legislation was valid. It was his order that the present city of Troy is "entitled to enforce this court's decree of September 10, 1952." In this holding there was no error, regardless of the reasons given by him therefor, since the decree was, and had been since its execution in 1952, in full force and effect. See *Straith* v. *Straith,* 355 Mich 267.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.