STATE *ex rel* INGHAM COUNTY PROSECUTOR v AMERICAN
AMUSEMENT COMPANY, INC.

1. COURTS—JURISDICTION—NUISANCE—MOTION PICTURE THEATERS—
OBSCENE FILMS—STATUTES.

A circuit court has jurisdiction to hear an action brought pursu-
ant to a statute dealing with the abatement of nuisances and in
which action it is sought to prevent a theater from showing
obscene films even though the statute does not apply to motion
picture theaters.

2. INJUNCTION—IMPROPERLY GRANTED INJUNCTION—OBEYING INJUNC-
TIONS—VACATION OF INJUNCTION—COLLATERAL ATTACK—CRIMI-
NAL CONTEMPT.

An injunction that has been improvidently granted must be
obeyed until vacated; it is impermissible to collaterally attack
an injunction on an appeal of a criminal contempt conviction
arising out of a violation of the injunction.

3. CONTEMPT—CONTEMPT ORDERS—COURTS—JURISDICTION.

Only those contempt orders issued by a court without jurisdiction
may go unpunished.

4. COURTS—JURISDICTION—ORIGINAL JURISDICTION—CIVIL CLAIMS—
ASSUMPTION OF JURISDICTION—STATUTES.

Circuit courts have original jurisdiction to determine all civil
claims and remedies except as otherwise provided, and jurisdic-
tion in the circuit court is assumed unless the matter in
question is specifically excluded by law (Const 1963, art 6, § 13,
MCLA 600.605; MSA 27A.605).

5. COURTS—JURISDICTION—SUBJECT-MATTER JURISDICTION.

Subject-matter jurisdiction is the right of a court to exercise
judicial power over a certain class of cases.

REFERENCES FOR POINTS IN HEADNOTES
[1] 50 Am Jur 2d, Lewdness, Indecency, and Obscenity §§ 26, 29.
Modern concept of obscenity. 5 ALR3d 1158.
[2] 42 Am Jur 2d, Injunctions § 336 *et seq.*
[3–5] 42 Am Jur 2d, Injunctions § 249 *et seq.*

Appeal from Ingham, Ray C. Hotchkiss, J. Submitted June 11, 1976, at Lansing. (Docket Nos. 24494 and 24852.) Decided September 7, 1976.

Complaint by the State of Michigan upon relation of Raymond L. Scodeller, Ingham County Prosecuting Attorney, against American Amusement Company, Inc., Noel V. Maxam, Betty K. Maxam, H. Warn Jackson, and Joyce P. Jackson for abatement of a nuisance and an *ex parte* restraining order. *Ex parte* restraining order granted, and later, a temporary injunction was granted. Contempt orders were entered against the defendants for a violation of the order and of the injunction. Defendants appeal. Affirmed.

*Raymond L. Scodeller,* Prosecuting Attorney, and *Lee W. Atkinson,* Chief Appellate Attorney, for plaintiff.

*Gilbert H. Deitch, Michael Clutter* and *Robert Eugene Smith (Stephen M. Taylor,* of counsel), for defendants.

Before: BASHARA, P. J., and M. F. CAVANAGH, and D. T. ANDERSON,* JJ.

BASHARA, P. J. This is an appeal of two orders finding appellants guilty of contempt. We affirm.

On May 20, 1975, the appellee filed a complaint pursuant to the red light abatement act, MCLA 600.3801 *et seq.;* MSA 27A. 3801 *et seq.* The complaint sought, among other things, an *ex parte* temporary restraining order which was issued the same day. In relevant part it prohibited the appellants from the following conduct:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"5. The continued use of said building, the furniture, fixtures and contents thereof for the purpose of displaying to customers inside said building lewd, obscene, lascivious, and indecent motion picture films, which depict ultimate sex acts, normal and perverted, actual and simulated, in a patently offensive manner."

A hearing was set for May 28, 1975, for the appellants to show cause why the restraining order should not be extended to a preliminary injunction.

On the afternoon of May 21, 1975, a hearing was held on appellants' motion to dissolve the temporary restraining order. Appellants primarily argued that the restraining order was improvidently granted because appellee's complaint failed to allege irreparable harm, and the temporary restraining order was an unconstitutional prior restraint. The trial judge disagreed and refused to modify or dissolve the order.

That evening the appellants resumed showing x-rated motion picture films. As a result a contempt hearing was held and the appellants were found in contempt of the previously quoted paragraph of the restraining order, because of their actions on the evening of May 21.

In the interim, on May 22, 1975, the appellants filed with this Court an application for leave to appeal and a motion to stay the *ex parte* temporary restraining order. The appellants contended that MCLA 600.3801; MSA 27A.3801, did not apply to motion picture films, and was void for vagueness.[1] They further argued that the tempo-

---

[1] It is interesting to note that in the memorandum of law in support of their application for leave to appeal, the appellants phrased the second issue as whether MCLA 600.3801 *et seq.;* MSA 27A.3801 *et seq.,* and the *ex parte* temporary restraining order issued pursuant to the statute were void for vagueness. However, in the body of their memorandum they only argued that the statute was overbroad and vague.

rary restraining order created an unconstitutional prior restraint.[2]

After receiving extensive evidence at a show cause hearing, the trial judge issued on May 30, 1975, a preliminary injunction which provided in material part:

"3. The continued use of said building, premises, the furniture, fixtures, and contents thereof for the purpose of displaying and exhibiting live nude male or female dancing and entertainment in which the male or female genitalia are exhibited in a patently offensive and lewd manner and in which artificial sexual devices are used to simulate ultimate sex acts, normal or perverted, in a patently offensive and lewd manner."

The appellants filed a second application for leave to appeal on May 30, 1975. They argued the *ex parte* temporary restraining order constituted an unconstitutional prior restraint; and that MCLA 600.3801; MSA 27A.3801, did not apply to motion pictures, was void for vagueness, and permitted an unconstitutional prior restraint. A panel of this Court issued an order, *State of Michigan, ex rel, Ingham County Prosecutor v American Amusement Co, Inc,* (Docket No. 24357, released June 12, 1975), vacating certain portions of the preliminary injunction, but leaving intact the previously quoted paragraph three.

On July 2, and 3, 1975, a second contempt hearing was held. The trial judge found that the appellants violated paragraph three of the prelimi-

---

[2] An order was issued in *State of Michigan, ex rel, Ingham County Prosecutor v American Amusement Co, Inc,* (Docket No. 24249, released September 10, 1975) denying all motions and the application for leave to appeal because the issues were moot once the *ex parte* temporary restraining order was replaced by a preliminary injunction on May 30, 1975.

nary injunction by displaying and exhibiting obscene dancing on June 27, 1975.

Appellants attack the *ex parte* temporary restraining order and the preliminary injunction as void due to vagueness and overbreadth. They further argue that dancing is a protected expression under the First Amendment, US Const, Am I.

The appellants are impermissibly attempting to collaterally attack the injunctions. Although appeals were taken to modify or dissolve both the *ex parte* temporary restraining order and the preliminary injunction, those appeals never challenged the breadth and vagueness of the injunctions. Moreover, the appeal from the *ex parte* temporary restraining order was not taken until after the first contempt occurred.

It cannot be presumed that this Court would have ignored appellants' constitutional claims regarding the injunctions. See *Walker v Birmingham,* 388 US 307; 87 S Ct 1824; 18 L Ed 2d 1210 (1967), *reh den* 389 US 894; 88 S Ct 12; 19 L Ed 2d 202 (1967). As civil disobedients appellants ran a risk, and that risk forecloses their right to assert the invalidity of the orders as a complete defense to a criminal contempt. See *United States v Dickinson,* 465 F2d 496, 511–513 (CA 5, 1972).

The briefs in this appeal were filed before the Michigan Supreme Court decision in *State ex rel Wayne County Prosecutor v Diversified Theatrical Corp,* 396 Mich 244; 240 NW2d 460 (1976). That case held that MCLA 600.3801; MSA 27A.3801, did not apply to motion picture theaters. We, therefore, find it necessary to consider what effect the holding of *Diversified Theatrical Corp* had on the injunctions issued by the trial judge and the contempt convictions that flowed therefrom.

An injunction that has been improvidently granted must be obeyed until judicially vacated.

*Rose v Aaron,* 345 Mich 613; 76 NW2d 829 (1956), *Berry Pontiac, Inc v Burke,* 19 Mich App 648; 173 NW2d 243 (1969). Only those contempt orders issued by a court without jurisdiction may go unpunished. *City of Troy v Holcomb,* 362 Mich 163; 106 NW2d 762 (1961), *ARA Chuckwagon of Detroit, Inc v Lobert,* 69 Mich App 142; 244 NW2d 389 (1976).

Circuit courts have original jurisdiction to determine all civil claims and remedies except as otherwise provided. Const 1963, art 6, § 13, MCLA 600.605; MSA 27A.605. There is an assumption of jurisdiction by the circuit court, unless the matter in question is specifically excluded by law.

In *Joy v Two-Bit Corp,* 287 Mich 244, 253–254; 283 NW 45 (1938), the Court quoted approvingly from *Richardson v Ruddy,* 15 Idaho 488, 494–495; 98 P 842 (1908), in explaining subject matter jurisdiction:

" 'Jurisdiction over the subject-matter is the right of the court to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending; and not whether the particular case is one that presents a cause of action, or under the particular facts is triable before the court in which it is pending, because of some inherent facts which exist and may be developed during the trial.' "

There can be no dispute that the circuit court had jurisdiction to hear actions brought pursuant to MCLA 600.3801 *et seq.;* MSA 27A.3801 *et seq.* Although under the facts presented the appellee was not entitled to the relief sought, we find the decision in *State ex rel Wayne County Prosecutor v Diversified Theatrical Corp, supra,* did not affect the trial court's jurisdiction to hear the matter.

Affirmed.