LESTER v SHERIFF OF OAKLAND COUNTY

Docket Nos. 77-1485, 77-1567, 77-3022. Submitted May 3, 1978, at Lansing.—Decided July 17, 1978.

Keith Lester brought actions for mandamus and superintending control in Oakland Circuit Court against the Sheriff of Oakland County, the Oakland County Sheriff's Department, Oakland County Personnel Appeal Board and Oakland County to compel defendants to reinstate him to his former position of detective sergeant in the Oakland County Sheriff Department. Summary judgment for plaintiff was granted with an order requiring his reinstatement. The Oakland County Sheriff did not comply with the order and was found in contempt, William J. Beer, J. All actions have been consolidated on appeal. Defendants appeal contending (1) the trial court lacked jurisdiction to entertain plaintiff's mandamus action, (2) defendants had no clear legal duty to reinstate plaintiff, (3) the trial court did not have jurisdiction to entertain contempt proceedings against the sheriff, and (4) the trial court lacked jurisdiction to issue an order of superintending control against defendants in that an adequate administrative remedy was available to plaintiff. *Held:*

1. Circuit courts have jurisdiction in mandamus proceedings for reinstatement of a deputy sheriff discharged by a county.

2. A court may not order reinstatement of a dismissed deputy

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 52 Am Jur 2d, Mandamus §§ 286, 287.

  70 Am Jur 2d, Sheriffs, Police, and Constables § 18.

[2–4] 52 Am Jur 2d, Mandamus

[4] 2 Am Jur 2d, Administrative Law § 595.

  70 Am Jur 2d, Mandamus § 164.

[5] 70 Am Jur 2d, Mandamus § 460.

[6] 17 Am Jur 2d, Contempt § 42.

  Right to punish for contempt for failure to obey court order or decree either beyond jurisdiction of court or merely erroneous. 12 ALR2d 1059.

[7] 2 Am Jur 2d, Administrative Law § 595.

[8] 2 Am Jur 2d, Administrative Law §§ 334, 335.

sheriff where there is no clear legal duty to make the reinstatement.

3. A deputy sheriff wrongfully discharged from his position who is denied a hearing before the appropriate administrative appeal board should petition the circuit court for an order requiring the board to conduct the hearing on the discharge. He is not entitled to an adjudication on the merits in the circuit court until that administrative remedy has been exhausted.

4. In a mandamus action, a court is required to make findings of fact on the record so that the record may be complete for effective appellate review.

5. Circuit courts have jurisdiction to hear contempt proceedings arising from disobedience of their orders; an improperly entered court order must still be obeyed until vacated by appropriate judicial action.

6. An administrative appeal board does not lose jurisdiction over an agency dispute where the board's failure to act is excusable.

Reversed and remanded.

1. MANDAMUS—SHERIFFS AND CONSTABLES—DISMISSAL—REINSTATE-MENT—JURISDICTION.

Circuit courts have jurisdiction in all mandamus proceedings involving the action or nonaction of any officer or board of any county; a writ of mandamus is an appropriate remedy in an action for reinstatement of a deputy sheriff discharged by a county (GCR 1963, 714.1[2]).

2. SHERIFFS AND CONSTABLES—DISMISSAL—REINSTATEMENT.

A court may not order reinstatement of a dismissed deputy sheriff to his former position where there is no clear legal duty on the part of the sheriff, the sheriff department, the appeal board or the county to make the reinstatement.

3. MANDAMUS—ALTERNATIVE LEGAL REMEDY.

A writ of mandamus will not issue where there is an alternate adequate legal remedy.

4. MANDAMUS—ADMINISTRATIVE PROCEDURES—HEARINGS—APPEAL BOARD—DUTY TO HOLD HEARINGS.

A county personnel appeal board's failure to afford a hearing to a dismissed deputy sheriff in accordance with county administrative rules does not justify circumvention of the administrative appeal procedure by securing an adjudication on the merits in a mandamus action in circuit court; the appropriate avenue of

relief is to petition the circuit court for a writ of mandamus ordering the appeal board to conduct a hearing in respect to the deputy's discharge since the appeal board has a clear legal duty to hold such a hearing when an appeal is properly filed.

5. MANDAMUS—APPEAL AND ERROR—FINDINGS OF FACT—COURT RULES.

A trial court must make findings of fact on the record for possible later appellate review when issuing a mandamus order. (GCR 1963, 517.1).

6. SHERIFFS AND CONSTABLES—COURTS—JURISDICTION—ORDERS—REINSTATEMENT OF OFFICER—CONTEMPT.

Circuit courts have jurisdiction to hear contempt proceedings arising out of a sheriff's refusal to obey the court's order to reinstate a deputy to his former position in a county sheriff department; a court order, even though improperly entered, must still be obeyed until vacated by appropriate judicial action.

7. COURTS—SUPERINTENDING CONTROL—ADMINISTRATIVE APPEALS.

A plaintiff must exhaust his administrative remedies before seeking an order of superintending control; the judiciary should not allow itself to be used to usurp the lawful functions of administrative agencies where another adequate remedy is available (GCR 1963, 701.1[b], 711.2, 711.4[b], 862.5[a]).

8. COUNTIES—EMPLOYERS AND EMPLOYEES—APPEAL BOARDS—JURISDICTION.

A county personnel appeal board, which has jurisdiction to review the dismissal of a county employee, will not lose jurisdiction over the matter by its failure to act where the board's failure to act is excusable.

*John A. Lyons, Jr.,* and *Bruce T. Leitman,* for plaintiff.

*Donald F. Slavin,* Oakland County Civil Counsel, and *Clary, Nantz, Wood & Van Orden* (by *Robert W. White),* for defendants.

Before: J. H. GILLIS, P.J., and D. E. HOLBROOK and N. J. KAUFMAN, JJ.

J. H. GILLIS, P.J. The instant case is a consolida-

tion of three separate appeals made by defendants from actions commenced by plaintiff in Oakland County Circuit Court. The suits were initiated by plaintiff in an effort to compel defendants to reinstate him to his former position of detective sergeant on the Oakland County Sheriff's Department.

Plaintiff was first suspended from his position on March 4, 1976, due to a pending request for a criminal warrant against him. On March 11, 1976, plaintiff was formally terminated from his position due to the issuance of a felony warrant by the Oakland County prosecuting attorney, charging plaintiff with larceny by conversion, contrary to MCL 750.362; MSA 28.594.

Plaintiff was subsequently brought to trial on the aforementioned charge, but the case was dismissed before being submitted to the jury by the trial judge who concluded that the prosecution failed to establish all of the elements of the crime charged. The prosecution appealed the dismissal to this Court, which in turn affirmed the trial judge's ruling. *People v Keith Lester,* 78 Mich App 661; 261 NW2d 33(1977).

During these proceedings, plaintiff's counsel filed an appeal by letter with the Oakland County Personnel Appeal Board seeking a review of plaintiff's suspension and subsequent dismissal pursuant to Merit System Rule II (R.O.A. October 25, 1977, Ex A). A hearing was delayed in the matter pending the outcome of the criminal proceedings.

On April 6, 1977, plaintiff commenced a mandamus action in Oakland County Circuit Court alleging that he was suspended and dismissed without cause, and demanded that he be reinstated to his former position with back pay. An *ex parte* order to show cause was issued by the circuit court

requiring defendants to appear and answer plaintiff's allegations within six days.

Defendants answered the complaint denying the allegations and raising several affirmative defenses.

On April 20, 1977, a hearing was conducted in respect to this matter. No testimony or evidence was offered by either party.

On April 28, 1977, an order was entered reinstating plaintiff forthwith to his position as a detective sergeant on the Oakland County Sheriff's Department with all fringe benefits, seniority and back pay. No findings of fact or conclusions of law in support of the order were made by the trial court. The order made no reference to the hearing scheduled before the Personnel Appeal Board on May 13, 1977.

On April 29, 1977, defendants filed a claim of appeal with this Court from the mandamus order. On the same day, defendant Spreen, Sheriff of Oakland County, requested that a stay of proceedings be granted by the trial court conditioned upon the filing of a bond in an amount equal to the sums called for by the order. This request was denied without explanation by the trial court.

On May 6, 1977, the trial court found defendant Spreen in contempt of court for refusing to obey the mandamus order. Once again, no testimony was taken and no formal findings of fact were made by the trial court.

Defendant Spreen was jailed after refusing to purge himself by reinstating plaintiff. On May 7, 1977, Sheriff Spreen filed a claim of appeal, a motion for stay of proceedings and a motion for immediate consideration from the order finding him in contempt. This Court then ordered a stay of all further proceedings in the mandamus action

and ordered Sheriff Spreen released upon personal recognizance bond.

On May 13, 1977, the Personnel Appeal Board conducted a hearing on plaintiff's dismissal. Plaintiff presented a number of preliminary objections in respect to the manner in which the board was conducting the hearing, which were all overruled by the chairman. No testimony was taken at the hearing because plaintiff's counsel requested and defendants' counsel concurred in staying the proceedings until the circuit court ruled on the validity of plaintiff's objections.

On May 25, 1977, plaintiff filed an action for superintending control in the Oakland County Circuit Court against all defendants in the mandamus action except Sheriff Spreen. Essentially the complaint reiterated the facts pleaded in the preceding mandamus action, the failure of defendants to honor their own governing rules and regulations, and the failure of the Oakland County Personnel Appeal Board to afford plaintiff a timely hearing pursuant to Merit Rule II, § 4.

After filing this suit, plaintiff moved for a summary judgment alleging that there was no genuine issue of material fact to be litigated. The trial court granted this motion and defendants now appeal as of right from this order as well as the two prior rulings entered by the trial court.

Defendants first contend that the trial court lacked jurisdiction to entertain plaintiff's mandamus action. We disagree.

Const 1963, art 6, § 13 provides that:

"The circuit court shall have original jurisdiction in all matters not prohibited by law; * * * power to issue, hear and determine prerogative and remedial writs; * * * and jurisdiction of other cases and matters as provided by rules of the supreme court."

RJA § 601, MCL 600.601; MSA 27A.601 contains a broad grant of all equity powers traditionally exercised in chancery to the circuit courts. The underlying "assumption [is] that circuit courts have jurisdiction unless the matter in question is specifically excluded by law." Practice Commentary to MCL 600.601. Similarly, RJA § 605, MCL 600.605; MSA 27A.605 provides a statutory basis for hearing mandamus actions against county officers in circuit court.

" * * * original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state."

GCR 1963, 714.1(2) provides that:

"Circuit courts have jurisdiction in all mandamus proceedings involving the action or non-action of any officer or board of any county."

The instant action clearly comes within this grant of jurisdiction. A writ of mandamus is an appropriate remedy in an action for reinstatement of a deputy sheriff discharged by the county. See *Locke v Macomb County,* 387 Mich 634; 199 NW2d 166 (1972).

Defendants next contend that the trial court erred in reinstating plaintiff to his former position in that defendants had no clear legal duty to reinstate plaintiff even after he was exonerated on the criminal charges.

A review of Oakland County Merit System Rule

8, § 3, supports defendants' contention.[1] The only duty defendants had in this matter was to review plaintiff's situation and determine whether the conduct of plaintiff involved moral turpitude or cast doubt upon the ability of plaintiff to perform his job, and if so, take what disciplinary action they deemed appropriate under the circumstances.

Accordingly, the trial court erred in ordering defendants to reinstate plaintiff in that there was no clear legal duty on the part of defendants to do so.

At this time we also note several other errors made by the trial court that would require this Court to vacate the mandamus order. It is well established that where there is an alternative adequate legal remedy, a writ of mandamus will not issue. See *Toan v McGinn,* 271 Mich 28, 33; 260 NW 108 (1935), *Hazel Park Racing Association, Inc v Racing Commissioner,* 336 Mich 508, 518; 58 NW2d 241 (1953).

Plaintiff contends that to pursue his administrative remedy before the Personnel Appeal Board would be a futile act in that the appeal board has failed to afford plaintiff a speedy hearing in accordance with Oakland County administrative rules.[2] Therefore, plaintiff seeks to circumvent the administrative appeal procedure by securing an adjudication on the merits in a mandamus action in circuit court. However, such a remedy is im-

---

[1] Oakland County Merit System Rule 8, § 3, .19.

"If an employee has been charged with the commission of a felony, he shall be suspended without pay pending a valid disposition of the charge. If final resolution of the charge does not result in a valid conviction, the Department Head shall determine whether the conduct of the employee involved moral turpitude or casts doubt on the ability of the employee to perform his job, and if he so determines, such conduct shall constitute 'cause' for appropriate disciplinary action. Any such determination may be appealed to the Personnel Appeal Board."

[2] Oakland County Merit System Rule 8, § 3, .19.

proper under the circumstances of this case. The appropriate avenue of relief would be to petition the circuit court for a writ of mandamus ordering the Personnel Appeal Board to conduct a hearing in respect to plaintiff's discharge.

The Personnel Appeal Board has a clear legal duty to hold such a hearing when an appeal is properly filed before it. As noted earlier, defendants have no clear legal duty to reinstate plaintiff.

We also note the trial court's failure to make findings of fact in compliance with GCR 1963, 517.1 would also mandate reversal of the mandamus order issued in this case. See *Ray v Mason County Drain Commissioner,* 393 Mich 294; 224 NW2d 883 (1975).

Defendants next contend that the trial court did not possess jurisdiction to entertain the contempt proceedings against Sheriff Spreen. Having already concluded that the trial court possessed jurisdiction to entertain the mandamus action, we have little difficulty in ruling that the trial court possessed jurisdiction to hear contempt proceedings arising out of a violation of that order. While acknowledging that the order was improperly entered, it must still be obeyed until vacated by appropriate judicial action.

In *ARA Chuckwagon of Detroit, Inc v Lobert,* 69 Mich App 151, 161; 244 NW2d 393 (1976), this Court held that:

"[T]he law is clear that where a temporary restraining order has been improperly granted, it must be obeyed until judicially vacated. *Rose v Aaron,* 345 Mich 613; 76 NW2d 829 (1956), *Berry Pontiac, Inc v Burke,* 19 Mich App 648; 173 NW2d 243 (1969). The determination that such an order is invalid is one to be made by the courts, not by the parties. *City of Troy v Holcomb,* 362 Mich 163; 106 NW2d 762 (1961). Only those con-

tempt orders issued by a court without jurisdiction may go unenforced. *In re Mead,* 220 Mich 480; 190 NW 235 (1922), *People v Hernandez,* 52 Mich App 56; 216 NW2d 438 (1974), *lv den* 391 Mich 830 (1974). The trial court here clearly possessed the requisite personal and subject matter jurisdiction to enter its order. * * * In essence, defendants contend that a court loses its jurisdiction by issuing an incorrect order. The illogic of such a position is self-evident."

Notwithstanding the foregoing analysis, we find no reason to enforce the contempt order in that it was improperly issued and held in abeyance pending the outcome of this appeal. The enforcement of the order would serve no judicially recognizable purpose at this stage of the proceedings. See *Rose v Aaron,* 345 Mich 613; 76 NW2d 829 (1956), and *Local 214, Law Enforcement Division, Teamsters State, County and Municipal Workers v Genesee County Board of Commissioners,* 77 Mich App 296, 303; 258 NW2d 209 (1977).

Defendants further claim that the trial court lacked jurisdiction to issue an order of superintending control against defendants in that an adequate administrative remedy was available to plaintiff.

The judiciary should not allow itself to be used to usurp the lawful functions of administrative remedies. *Lepofsky v Lincoln Park,* 48 Mich App 347; 210 NW2d 517 (1973).

"If another adequate remedy is available to the party seeking the order, a complaint for superintending control may not be filed. See GCR 1963, 701.1(b); 711.4(b); 862.5(a)." GCR 1963, 711.2.

"The remedy of superintending control by the circuit court over inferior tribunals, including administrative agencies, is available under GCR 1963, 711 only 'if another plain, speedy and adequate remedy is [not]

available to the party seeking the order.'" *Farmers State Bank of Concord v Department of Commerce, Financial Institutions Bureau,* 77 Mich App 313, 319; 258 NW2d 496 (1977).

Plaintiff contends that a review of his dismissal before the Personnel Appeal Board is not an adequate alternate remedy in that the appeal board has already failed to conduct a hearing in a timely fashion as prescribed by rule 11 of the Oakland County Merit System Rules, *supra.*

The record reveals that the appeal board did, in fact, fail to conduct a timely hearing as required by its own procedural rules. However, part of the delay can be attributed to plaintiff's continuing attempts to circumvent the administrative process. Another substantial factor contributing towards the delay was the pending criminal charges.

Under such circumstances, the appeal board's failure to act is excusable and will not cause the appeal board to lose jurisdiction over the matter.

Accordingly, the plaintiff must exhaust his administrative remedies before seeking judicial intervention in this matter.

The other issues raised on appeal do not merit discussion by this Court.

Reversed and remanded for proceedings before the Oakland County Personnel Appeal Board. No costs, a public question being involved. We retain no further jurisdiction.