LOCAL 214, LAW ENFORCEMENT DIVISION, TEAMSTERS STATE, COUNTY AND MUNICIPAL WORKERS v GENESEE COUNTY BOARD OF COMMISSIONERS

1. ARBITRATION AND AWARD—LABOR ARBITRATION—SCOPE OF REVIEW —VACATION OF AWARD.

A labor arbitration award is reviewed not on its merits but from the obligation of the arbitrator to render an award drawn from the essence of the contract; the award should be vacated when the arbitrator exceeds his authority and exercises his own sense of justice.

2. ARBITRATION AND AWARD—ARBITRATOR'S PERSONAL VIEWS—SUR- PLUSAGE—RECOMMISSION TO ARBITRATION.

A preferred method of salvaging an arbitrator's decision which contains unnecessary personal views of the arbitrator is to strike those portions of the decision which are surplusage, but where this cannot be done without vitiating the impact of the award, and where the award may not be vacated because the arbitrator did not clearly exceed his authority, the case should be recommitted to the arbitrator for a more concise determination.

Appeal from Genesee, Donald R. Freeman, J. Submitted December 14, 1976, at Lansing. (Docket Nos. 28830, 29291.) Decided August 9, 1977.

Local 214, Law Enforcement Division, Teamsters State, County and Municipal Workers, pursuant to provisions of its collective bargaining agreement, submitted to arbitration the propriety of a layoff of employees of the Genesee County Sheriff's Depart-

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arbitration and Award § 167 et seq.
[2] 5 Am Jur 2d, Arbitration and Award § 184 et seq.

Comment note.—Power of court to resubmit matters to arbitrators for correction or clarification, because of ambiguity or error in, or omission from, arbitration award. 37 ALR3d 200.

ment. The arbitrator found a violation of the collective bargaining agreement. The union local filed a complaint in the circuit court for a review of the award, alleging the arbitrator went beyond the issues submitted. The circuit court upheld a portion of the award and directed the Genesee County Board of Commissioners to immediately reinstate the laid-off employees. The board of commissioners appealed, and the appeal was initially dismissed for lack of jurisdiction. On a subsequent application for leave to appeal, leave was granted. Subsequently, the union filed in circuit court a petition and motion for contempt against the members of the board because the employees were not reinstated. The individual board members were found in contempt, and appealed. The Court of Appeals stayed the contempt order, and consolidated the appeal from the contempt order with the appeal of the decision on the arbitration. Reversed and recommitted for arbitration.

*Goldberg, Previant & Uelmen* (by *John S. Williamson, Jr.)* and *William R. Coppel,* for plaintiff.

*Clary, Nantz, Wood & Van Orden* (by *Robert W. White)* and Genesee County Corporation Counsel (by *Donald C. Conway)* for defendants.

*Thomas M. Donnellan,* for defendant Joe Conroy.

*Carl L. Bekofske,* for defendant Michael Griffin.

*William J. Priehs,* for defendant Richard Williams.

*Ivan W. Crawford,* for defendant Charles Oliver, Jr.

*Allen J. Nelson,* for defendants Michael Carr, John Hunter, Norman Harlen, and Raymond Stedron.

*Edward P. Joseph,* for defendant John Treacha.

*C. Frederick Robinson,* for defendant Harold Hayden.

Before: J. H. GILLIS, P. J., and M. F. CAVANAGH and D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, JR., J. Defendants, The Board of Commissioners of Genesee County (the Board), appeal adverse rulings by the Genesee circuit court in two cases. Both appeals turn upon an arbitration award rendered by Arbitrator M. David Keefe on January 4, 1976.

The submission to arbitration was the initial protest made by plaintiff, the local union representing local county workers, claiming that layoffs in the sheriff's department violated the parties' collective bargaining agreement. The award of Arbitrator Keefe was given different interpretations by the parties. The plaintiff contended that the award and opinion, when read together, reveal that the arbitrator found the layoffs in violation of the collective bargaining agreement. On the other hand, the Board, restricting itself to a limited reading of the conclusory award, continued to argue that the arbitrator upheld the layoff.

The layoff in question concerned the dismissal of 51 regular employees of the county sheriff's department (42 patrolmen and 9 detectives). Budget problems lay at the root of the layoff. The county wished to allay allocation difficulties with Federal aid from CETA (Comprehensive Employment Training Act of 1974) but in order to qualify for

such aid the layoff was invoked to create a temporary showing of need. Following the arbitrator's decision, the union asked the circuit court to review the award. In Count I, plaintiff stated that the arbitrator had ruled that the proposed layoffs violated the collective bargaining agreement but that the arbitrator went beyond the issues submitted. For this reason the union asked that the court modify the award to "excise the surplusage". On May 7, 1976, Judge Freeman, circuit judge for Genesee County, acting on a motion for summary judgment filed by the plaintiff, found that the arbitrator's award should be enforced without the portions dealing with CETA funding. Judge Freeman's opinion stated:

"After this full discussion the arbitration goes on to the issue of the availability of CETA Funds, and what use it is proposed they be given were they to be received at a later time by the County. He was mindful, obviously, of the testimony which had been given in the hearing indicating the possible acquisition of CETA monies which require fifteen days of layoffs by employees for their availability.

"*This issue was not submitted to the Arbitrator.* It was not before him.

"*The issue before him solely was whether the layoffs were in accordance with the agreement which the parties had entered into.*

"*It is clear and it is conclusive that the arbitrator determined the layoffs to be contrary to the collective agreement. It violated the collective agreement. It denied the fundamental rights of the employees.*" (Emphasis in original.)

This order was entitled "Summary Judgment Order". It was filed on May 7, 1976. The operative portion of the order directed the Board to "immediately reinstate" the laid off employees. On May

10 and 11, a hearing was held to consider defend-ants' motion for rehearing.[1] The motion was de-nied and on the same day an appeal was taken to this Court on the summary judgment order. Our May 28 order characterized the appeal as one from a partial summary judgment, an interlocutory order. The appeal was dismissed for lack of juris-diction.

Some 27 days elapsed from the events of May 28. The Board members had not followed the trial judge's order. Plaintiff filed a petition and motion for contempt.[2] The show cause order included a directive for service on the individual members of the Board. At the ensuing hearing before The Honorable Bruce Fox, District Judge and Acting Circuit Judge, attorneys entered "special appear-ances"[3] while the members of the Board waited outside the court room. After argument Judge Fox held everyone on the Board in contempt and or-dered each one incarcerated unless purged of the contempt by July 6, 1976.[4] This Court stayed the contempt order on July 7, 1976.

We first deal with the appeal taken from the arbitration award. The "award" itself as opposed to the "discussion" of the case provided:

---

[1] One of the principal arguments at this hearing was the applicabil-ity of GCR 1963, 769.10 which controls commercial arbitration. The trial judge correctly found that common law arbitration principles still permit modification.

[2] The motion was supported by an affidavit of a union steward stating that he knew none of the laid off employees had been re-turned to work although they had reported for work.

[3] The proper procedure would have been to raise this issue in a motion under GCR 1963, 116.1(1). See, 1 Honigman & Hawkins, Mich Court Rules Annotated (2d ed), p 336.

[4] The County Comptroller was included in the order as a necessary party.

"THE AWARD

"1. The Employer is hereby authorized to effect the layoffs on the basis that these must fulfill the criteria set forth in the foregoing opinion on requirements for validation as being legitimate, if the County is to be held free and clear of any liability resulting from the move.

"2. The arbitrator retains jurisdiction over damage claims of laidoff personnel which will be automatically activiated (sic) by notice of the Employer's success in gaining access to CETA funding or by his counter recalls in event this is denied."

A fair interpretation of the award leads us to believe that the arbitrator meant to authorize the layoffs. However, much of the language in the discussion contradicts this deduction. In the opinion, Arbitrator Keefe contrasted two Articles (IX and II) of the labor agreement. The first pertained to conditions permitting layoffs while the latter set out the rights and duties retained by the employer, especially those conferred upon it by the laws of Michigan. Judge Freeman's interpretation of the "discussion" portions led him to excise the language criticizing CETA funding as being beyond the scope of submission. We must decide whether he correctly found that the arbitrator went beyond the scope of submission and whether he abused his discretion by modifying the award.

There are defined principles of review in labor arbitration award cases emanating from both the Federal courts and those of this state. The foremost policy is that of a very limited review, or the "hands off" attitude. In practice, this policy is implemented by reviewing the award, not on its merits, but from the obligation of the arbitrator to render an award drawn from the "essence" of the contract. When the arbitrator exceeds his authority and exercises his own sense of industrial justice

the award should be vacated. *United Steelworkers of America v Enterprise Wheel & Car Corp,* 363 US 593; 80 S Ct 1358; 4 L Ed 2d 1424 (1960), *International Union, United Automobile, Aerospace & Agricultural Implement Workers of America v Buhr Machine Tool Corp,* 388 F Supp 1357 (ED Mich 1974), *United Glass & Ceramic Workers v ASG Industries, Inc,* 417 F Supp 89 (ED Tenn 1976), *Ferndale Education Association v Ferndale School District #1,* 67 Mich App 637; 242 NW2d 478 (1976).

Arbitrator Keefe was asked to decide whether the proposed layoffs would violate the collective bargaining agreement. In so doing he had to consider the responsibilities of the Board as trustees of the public health, welfare and safety, a right reserved to them under Article II of the agreement. The issue of CETA funds must be considered a part of the Board's responsibility and the arbitrator's discussion thereof need not be stricken solely for that reason. However, the inclusion by the arbitrator of his own views on CETA programs was unnecessary.

Plaintiff union urges us to strike the portions of the award which were surplusage. We recognize the availability of this remedy as a preferred method of salvaging the arbitrator's decision (see, *The Steelworkers Trilogy*[5]), but we find that the portions cannot be excised without vitiating the impact of the award. Unfortunately the arbitrator made his decision without the benefit of knowing that the CETA funds later became available. He provided for what plaintiff called "unfolding

[5] *United Steelworkers of America v American Mfg Co,* 363 US 564; 80 S Ct 1343; 4 L Ed 2d 1403 (1960), *United Steelworkers of America v Warrier & Gulf Navigation Co,* 363 US 574; 80 S Ct 1347; 4 L Ed 2d 1409 (1960), *United Steelworkers of America v Enterprise Wheel & Car Corp,* 363 US 593; 80 S Ct 1358; 4 L Ed 2d 1424 (1960).

events" in three contingent plans. This Court cannot redefine the three plans to square with the two-part award, nor will we vacate the entire award, since the arbitrator did not manifest a clear infidelity in his obligations. Despite the delay involved we feel that a recommittal for a more concise determination by the arbitrator is imperative. We find support for this action in *E E Tripp Excavating Contractor, Inc v Jackson County,* 60 Mich App 221, 256; 230 NW2d 556 (1975).[6] In his new award the arbitrator is asked to narrow his original opinion to one distinct resolution of the dispute.

The final issue raised by the individual members of the Board dealt with a contempt order issued by Judge Fox for the Board's failure to reinstate the laid off employees. If there was in fact a valid finding of contempt by the trial judge we find that the contempt was civil in nature. Were we to affirm the lower court, nothing could be gained. The Board members could not now be incarcerated because in this decision we hold that the arbitration case must be recommitted and that Judge Freeman's order is vacated. Furthermore, there is no "jail time" owing from the past for a punishment which was only intended to coerce obedience (civil contempt). Accordingly, the merits of the contempt issue need not be addressed and we decline to do so.

Reversed and recommitted for arbitration. We do not retain jurisdiction.

---

[6] We do not rely on the court rule for this procedure, GCR 1963, 769.8, 769.9(3), because it applies only to statutory arbitration. Instead, we exercise our power to provide relief under GCR 1963, 820.