ROMERO v PARAGON STEEL DIVISION, PORTEC, INC (ON REMAND)

Docket No. 71145. Submitted May 4, 1983, at Lansing.—Decided October 10, 1983. Leave to appeal denied, 419 Mich —.

Raul Romero was employed by Paragon Steel Division, Portec, Inc., from August 27, 1968, to January 19, 1973, during which period he was represented by Shopmen's Local Union No. 508 of the International Association of Bridge, Structural and Ornamental Iron Workers. Romero brought an action against Paragon in the Wayne Circuit Court on June 5, 1978, for wrongful discharge under the collective-bargaining agreement. The suit was commenced under the Labor Management Relations Act. The court, Roland L. Olzark, J., granted accelerated judgment for defendant on the ground that the statute of limitations barring tort actions after three years had run. Plaintiff appealed, and the Court of Appeals found that the trial court erred by relying upon the three-year tort limitation period because plaintiff's complaint against defendant was purely one for breach of the collective-bargaining agreement and that the six-year period of limitation applicable to contract actions was the appropriate period of limitation to apply. The Court of Appeals reversed and remanded, 116 Mich App 261; 323 NW2d 363 (1982). Defendant appealed to the Supreme Court, which remanded the case to the Court of Appeals for reconsideration, 417 Mich 972 (1983). On remand, *held:*

The applicable period of limitation is the six-month period provided by § 10(b) of the National Labor Relations Act. The previous opinion of the Court of Appeals in this case is vacated. Plaintiff's claim was barred by the six-month period of limitation, therefore accelerated judgment in favor of defendant

REFERENCES FOR POINTS IN HEADNOTE

48A Am Jur 2d, Labor and Labor Relations § 1968.

53 Am Jur 2d, Master and Servant § 60.

Equitable considerations as tolling, for purposes of civil action, time limitations of § 706 of Civil Rights Act of 1964, as amended (42 USCS § 2000e-5(e)) for filing charge with equal Employment Opportunity Commission. 53 ALR Fed 859.

based upon the application of the statute of limitations is affirmed.

Affirmed.

LABOR RELATIONS — WRONGFUL DISCHARGE — LIMITATION OF ACTIONS — FEDERAL LAW.

The period of limitation within which an individual may sue his former employer for wrongful discharge under the federal Labor Management Relations Act, alleging a violation of the collective-bargaining agreement between the employer and the representative labor organization, is the six-month period provided by § 10(b) of the National Labor Relations Act (29 USC 185; 29 USC 160[b]).

*Ellis Boal,* for plaintiff.

*Miller, Canfield, Paddock & Stone* (by *Clarence L. Pozza, Jr.,* and *Richard J. Seryak),* for defendant.

Amicus Curiae:

*Foster, Swift, Collins & Coey, P.C.* (by *Timothy P. Greeley),* for Michigan Education Association.

ON REMAND

Before: V. J. BRENNAN, P.J., and BEASLEY and R. B. BURNS, JJ.

V. J. BRENNAN, P.J. This matter appears before us on remand from the Michigan Supreme Court for reconsideration in light of *Badon v General Motors Corp,* 679 F2d 93 (CA 6, 1982); *Edwards v Sea-Land Service, Inc,* 678 F2d 1276 (CA 5, 1982), *Newton v Local 801 Frigidaire Local of International Union of Electrical Workers,* 684 F2d 401 (CA 6, 1982), and *Lawson v Truck Drivers, Chauffeurs & Helpers, Local Union 100,* 698 F2d 250 (CA 6, 1983).

This suit was instituted pursuant to § 301 of the federal Labor Management Relations Act, 29 USC 185, which allows individuals to sue their employers for a violation of the collective-bargaining agreement between the employer and the representative labor organization. Plaintiff filed this suit for wrongful discharge by defendant after a grievance, filed on his behalf by the union, was pursued through a number of procedural stages and the union ultimately declined to take plaintiff's case to arbitration. The essence of plaintiff's complaint was that defendant breached the provisions of the relevant collective-bargaining agreement by terminating his employment. The instant suit was filed approximately five and one-half years after plaintiff's termination. In granting defendant's motion for accelerated judgment based upon the application of the statute of limitations, GCR 1963, 116.1(5), the trial court found that the applicable statute of limitations was that barring tort actions three years after their accrual. The Labor Management Relations Act contains no statute of limitations provision.

The sole issue for our consideration in the previous appeal was whether the trial court erred by relying upon the three-year tort limitation period, MCL 600.5805(8); MSA 27A.5805(8). We found that the trial court did err and reversed and remanded this case for further proceedings because we agreed with the plaintiff that the governing statute of limitations was that applicable to a contract action, six years as set forth in MCL 600.5807(8); MSA 27A.5807(8). We found that plaintiff's complaint against the defendant was purely one for breach of the collective-bargaining agreement. *Romero v Paragon Steel Division, Portec, Inc,* 116 Mich App 261; 323 NW2d 363 (1982). Pursuant to

the Michigan Supreme Court's order, we now reconsider our previous holding.

In *Badon v General Motors, supra,* the question before the court involving a Michigan case was: what state statute of limitations should be applied by the federal court to hybrid § 301—unfair representation actions? The court noted that the United States Supreme Court had recently resolved a similar question by holding that the most appropriate state statute was that pertaining to the vacation of arbitration awards. *United Parcel Service, Inc v Mitchell,* 451 US 56; 101 S Ct 1559; 67 L Ed 2d 732 (1981). The *Mitchell* case involved a suit by an employee against his employer seeking to overturn an arbitration award. The *Mitchell* case had initially also involved a claim by the employee against the union but only the employer had appealed to the Supreme Court. In *Badon,* as in the present case, the employee's claim had not been submitted to arbitration. Nevertheless, the *Badon* court found that difference to be immaterial in applying *Mitchell* to the *Badon* facts. The court stated:

"Unlike Badon's complaint, Mitchell's grievance had been submitted to arbitration. We do not, however, feel that this difference distinguishes the underlying rationale of *Mitchell.* Where the parties have contracted to settle claims among themselves, their final decisions should not be exposed to collateral attack for long periods but should become final rather quickly. See *UMW v Barnes & Tucker Co,* 561 F2d 1093, 1096 (CA 3, 1977) ('It is not arbitration per se that federal policy favors, but rather final adjustment of differences by a means selected by the parties.') Otherwise, the internal system will be just another step in a lengthy process of litigation rather than an efficient and unitary method of disposing of the high volume of grievances generated under any large scale employment contract.

"[5] Accordingly, where an employer's decision has become final through the operation of the collectively bargained-for private system of dispute resolution, the rule of *Mitchell* applies and the state statute of limitations pertaining to the vacation of arbitration awards will be utilized in subsequent federal court proceedings. This rule applies to Badon's claim against General Motors. Although that claim was never heard by an impartial panel because of the union's failure to appeal it, the dispute was resolved and became final according to the contractually established resolution process." *Badon, supra,* p 98.

Regarding the applicable Michigan statute of limitations, the *Badon* court stated:

"Having decided that *Mitchell* controls the facts of this case, we must next apply the Michigan statute of limitations regulating the vacation of arbitration awards. In Michigan, the relevant limitations period is found, not in a statute, but in Court Rule GCR 1981 *[sic],* 769.9(2), which applies a twenty-day period to motions to vacate arbitration awards. This rule, however, controls only 'statutory arbitration under RJA (Revised Judicature Act) Chapter 50.' GCR 1981 *[sic],* 769.1. Chapter 50 of the RJA in turn expressly provides: ''The provisions of this chapter *shall not* apply to collective contracts between employers and employees or associations of employees in respect to terms or conditions of employment.' MCL 600.5001(3); MSA 27A.5001(3) (emphasis added).

"*Mitchell* requires us to honor Michigan's decision to exclude labor arbitration from the otherwise relevant twenty-day period. The majority opinion spoke directly to this circumstance when it noted: 'Obviously, if New York had adopted a specific six-year statute of limitations for employer challenges to awards of a Joint Panel, or similar body, we would be bound to apply that statute under the reasoning of *Hoosier Cardinal.'* *[Mitchell]* 451 US 64; 101 S Ct 1564. Although Michigan, by excluding labor disputes from the arbitration statute, has accomplished the converse of the Court's

hypothetical, its principle nevertheless applies here. The state has enunciated a clear policy relating labor disputes to the vacation of arbitration awards and this court, under the combined effect of *Hoosier Cardinal* and *Mitchell* is bound by that decision.

"[6] By excluding labor disputes from statutory arbitration, Michigan has relegated labor arbitration to the realm of the common law. Appellants have not directed us to, nor have we found, any authority limiting the time in which labor arbitration awards may be vacated in Michigan. Badon has, however, cited several cases which he claims employ Michigan's residual six-year personal action statute. MCL 600.5813; MSA 27A.5813. Unfortunately none of the cases cited is apposite. In *Teamsters Local 214 v Board of Comm'rs,* 77 Mich App 296; 258 NW2d 209 (1977), the Court of Appeals relied on its general appellate powers to remand a labor arbitrator's award, noting the unavailability of Court Rule 769 because of the prohibition discussed above. *Id.* 258 NW2d 212, fn 6. No statements concerning the appropriate statute of limitations appear in the opinion. Similarly, in *Lanting v Jenison Public Schools,* 103 Mich App 165; 302 NW2d 631 (1981), the court did not discuss this issue. Badon correctly points out that Judge Kennedy in *Marshall v Chrysler Corp,* 378 F Supp 94 (ED Mich, 1974), parenthetically listed claims subject to arbitration as one example among several to which the residual six-year statute applies. *Id.,* 97. Yet we do not find this dicta persuasive. The example does not relate to labor arbitration and is not documented beyond its very brief parenthetical notation.

"[7] *In summary, we are left without guidance by the state of Michigan with respect to the time period within which actions to vacate labor arbitration awards must be brought. We must therefore decide this federal question on the strength of our own reasoning. That process leads us to conclude that the most appropriate statute of limitations under these circumstances is the six-month period found at section 10(b) of the National Labor Relations Act, 29 USC 160(b).* Although that period specifically governs unfair labor charges brought before the National Labor Relations Board, the policy behind that time period applies with equal force when

similar charges are brought to a federal court under section 301 of the L.M.R.A. Justice Stewart adopted this position in his concurrence to *Mitchell.*" (Emphasis added.) *Badon, supra,* pp 98-99.

The result reached by the *Badon* court, that the § 10(b) six-month period of limitation governs, was very recently reached by the United States Supreme Court in *Del Costello v International Brotherhood of Teamsters,* — US —; 103 S Ct 2281; 76 L Ed 2d 476 (1983), where the Court addressed the question of what statute of limitations should be applied to hybrid § 301—unfair representations claims. In recalling its holding in *Mitchell,* that the appropriate *state* statute of limitations should apply to a § 301 suit brought by an employee against an employer, the Court noted that in *Mitchell* it did not address the contention that in suits of this kind the federal court should "borrow" the federal six-month limitation period contained in § 10(b).[1] After addressing that question in *Del Costello,* the Supreme Court departed from its holding in *Mitchell* finding that "state limitations periods for vacating arbitration awards fail to provide an aggrieved employee with a satisfactory opportunity to vindicate his rights under § 301 and the fair representation doctrine". *Del Costello, supra,* p —. The Court then concluded that the six-month period of limitation, contained in § 10(b) of the National Labor Relations Act, 29 USC 160(b), governs claims against both the employer and the union.

We find the reasoning and the result reached by the courts in *Del Costello* and *Badon* to be sound and we, therefore, adopt it and apply it to this

[1] The Supreme Court noted that in *Mitchell* it expressly limited its consideration of the statute of limitations issue to a choice between the two *state* statutes of limitations.

case. Further, the fact that the employee in the instant case filed a suit against only his employer for breach of the collective-bargaining agreement and did not file an additional claim against the union for breach of its duty of fair representation, unlike *Del Costello* or *Badon* which involved hybrid § 301—unfair representation claims, does not render those decisions distinguishable or inapplicable. *Badon* relied upon *Mitchell* which, at the United States Supreme Court level, involved only the employee's wrongful discharge claim against the employer. Further, the Court's opinion in *Del Costello* indicates that the six-month limitation period set forth in § 10(b) is to be applied not only to suits involving hybrid claims, but also to suits where a claim is filed solely against the employer.

Additionally, we reject the plaintiff's claim, raised in his brief on remand, that *Del Costello* and *Badon* should not be applied to the instant case. In its order, the Michigan Supreme Court instructed this Court to reconsider this case in light of *Badon,* which implies that *Badon* governs the issues in this case. If *Del Costello* had been decided at the time that the Supreme Court issued its order, it is likely that the Supreme Court would have ordered us to consider that case also. Further, historically this Court has considered and applied, to cases pending on appeal, decisions released during the time that the case is within the appellate process.

Thus, we conclude that the applicable period of limitation is the six-month period provided by § 10(b) of the National Labor Relations Act. We vacate our previous opinion. In the instant case, plaintiff's claim was barred by the six-month period of limitation. Accelerated judgment in favor of the defendant based upon application of the statute of limitations is affirmed.