# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL D. WILLIAMS,

        Plaintiff-Appellant,

v

STAFFORD TRANSPORT OF MICHIGAN,
INC., and INTERNATIONAL BROTHERHOOD
OF TEAMSTERS LOCAL 337,

        Defendants-Appellees.

UNPUBLISHED
May 23, 2017

No. 330628
St. Clair Circuit Court
LC No. 15-000948-CZ

Before: RIORDAN, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's grant of summary disposition, pursuant to MCR 2.116(C)(4) (lack of subject matter jurisdiction), in favor of defendants, Stafford Transport of Michigan, Inc. (defendant Stafford, plaintiff's former employer), and International Brotherhood of Teamsters Local 337 (defendant the Union, plaintiff's union). Plaintiff alleged that he had been discharged by Stafford for participating in union organizing activities and retaliated against by the Union for participating in those activities and for refusing to pay his union dues.[1] In response to defendants' motions to dismiss, plaintiff requested leave to amend his complaint to add a claim of intentional infliction of emotional distress and "a related public policy tort claim." The trial court denied the request as futile. We affirm.

Specifically, the trial court dismissed plaintiff's claims for discharge in violation of public policy and conspiracy to discharge in violation of public policy based on lack of subject matter jurisdiction for the reason that the National Labor Relations Act (NLRA), 29 USC § 151 *et seq.*, preempted plaintiff's claims of unfair labor practices. The trial court also held that the addition of plaintiff's claims for intentional infliction of emotional distress and a wrongful discharge public policy tort claim would be futile because they would be time barred. The trial court stated that if plaintiff attempted to plead a claim for intentional infliction of emotional distress outside of the labor agreement it would be subject to a six-month statute of limitations in

---

[1] Plaintiff voluntarily withdrew a third claim that the Union breached its duty of fair representation for failing to process his grievances.

-1-

accord with the Labor-Management Relations Act (LMRA), 29 USC § 141 *et seq*. The trial court also found that if plaintiff brought his proposed wrongful discharge public policy tort claim, it would be subject to the 90-day statute of limitations applicable to the Whistleblower's Protection Act (WPA), MCL 15.361 *et seq*. We find that the trial court correctly analyzed the substance of plaintiff's claims, however artfully he presents them. See *Hurtford v Holmes*, 3 Mich 460, 463 (1855); *Wilcox v Moore*, 354 Mich 499, 504; 93 NW2d 288 (1958); *Norris v Lincoln Park Police Officers*, 292 Mich App 574, 582; 808 NW2d 578 (2011).

We review de novo a trial court's decision on a motion under MCR 2.116(C)(4) to determine whether the record shows that the trial court lacks subject matter jurisdiction. *Packowski v United Food & Commercial Workers Local 951*, 289 Mich App 132, 138-139; 796 NW2d 94 (2010). We review a trial court's denial of a motion to amend a complaint for an abuse of discretion. *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 215-216; 859 NW2d 238 (2014). Although such motions "are generally granted," futility is a proper basis for denial. *Id*. at 216. "An amendment would be futile if (1) ignoring the substantive merits of the claim, it is legally insufficient on its face; (2) it merely restates allegations already made; or (3) it adds a claim over which the court lacks jurisdiction." *PT Today, Inc v Comm'r of the Office of Fin & Ins Servs*, 270 Mich App 110, 143; 715 NW2d 398 (2006) (internal citations omitted). We review de novo whether a claim is preempted or barred by a statutory limitations period. *Biondo v Biondo*, 291 Mich App 720, 724; 809 NW2d 397 (2011); *Titan Ins Co v Farmers Ins Exch*, 241 Mich App 258, 260; 615 NW2d 774 (2000).

The LMRA is an amendment to the NLRA, and the two pieces of legislation do not really stand alone. See *Int'l Longshoremen's Ass'n AFL-CIO v NLRB*, 56 F 3d 205, 207 (DC, 1995). Generally, conduct prohibited or protected by the LMRA, as amended by the NLRA, is within the exclusive jurisdiction of the National Labor Relations Board (NLRB); albeit subject to some exceptions. See *Weber v Anheuser-Busch, Inc*, 348 US 468, 474-477, 480-481; 75 S Ct 480; 99 L Ed 546 (1955); *San Diego Bldg Trades Council, Millmen's Union, Local 2020 v Garmon*, 359 US 236, 243-246; 79 S Ct 773; 3 L Ed 2d 775 (1959); *Town & Country Motors, Inc v Local Union No 328, Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America*, 355 Mich 26, 54-56; 94 NW2d 442 (1959); *Bescoe v Laborers' Union No 334*, 98 Mich App 389, 395-396; 295 NW2d 892 (1980). A claim is therefore generally preempted under state law if it involves "'an activity that is actually or arguably protected or prohibited by the NLRA.'" *Calabrese v Tendercare of Michigan, Inc*, 262 Mich App 256, 260; 685 NW2d 313 (2004), quoting *Bullock v Automobile Club of Michigan*, 432 Mich 472, 492-493; 444 NW2d 113 (1989) (LEVIN, J, concurring; that portion of his opinion was agreed with by the majority, *id*. at 478-479). In relevant part, Sections 7 and 8 of the NLRA, 29 USC §§ 157-158, guarantee employees the right to form unions and engage in collective bargaining, and they prohibit employers from interfering with that right.

In plaintiff's complaint, he asserted that he had been retaliated against by Stafford for engaging in union organization activities, although by implication he also contended that Stafford retaliated against him for filing complaints with the NLRB. In other words, plaintiff contended that he was retaliated against precisely for engaging in conduct protected by the NLRA. Plaintiff asserted that both defendants conspired against him for, again, participating in union organization activities, refusing to pay union dues, and impliedly for filing complaints. Again, this is conduct precisely within the exclusive purview of the NLRA. Review of the

gravamen of plaintiff's complaint, leads us to conclude that the trial court correctly determined that plaintiff's claims of unfair labor practices fell directly within the purview of the NLRA. Hence, plaintiff's state claims are preempted because they arise from "an activity that is actually or arguably protected or prohibited by the NLRA." *Calabrese*, 262 Mich App at 260, quoting *Bullock*, 432 Mich at 492-493. The trial court's dismissal of plaintiff's complaint pursuant to MCR 2.116(C)(4) was therefore correct.

Plaintiff argues that his allegations are subject to the "local interest exception" to preemption. We disagree. Under that exception, a claim *might* not be preempted if it "touches interests deeply rooted in local feeling and responsibility," but even if so, any such interest must be balanced against that of the NLRB. *Belknap, Inc v Hale*, 463 US 491, 498-499; 103 S Ct 3172; 77 L Ed 2d 798 (1983); *Bullock*, 432 Mich at 493. This interest has been construed narrowly in favor of the NLRB's broad jurisdiction. See *Int'l Longshoremen's Ass'n v Davis*, 476 US 380, 391-393; 106 S Ct 1904; 90 L Ed 2d 389 (1986); see also *Bescoe*, 98 Mich App at 395-396. "The critical inquiry is whether the controversy presented to the state court is identical to or different from that which could have been, but was not, presented to the NLRB." *Sargent v Browning-Ferris Industries*, 167 Mich App 29, 34; 421 NW2d 563 (1988). The balancing inquiry is only undertaken after determining that such a strong local interest exists. *Belknap*, 463 US at 498. Here, plaintiff has only asserted that Michigan has a strong interest in the conduct he alleges. That conduct is either squarely within the NLRB's jurisdiction or, as we discuss below, within the ambit of his proposed amendment to his complaint and preempted for other reasons.

We find that the trial court also properly denied plaintiff's proposed amendment to his complaint as being futile. Plaintiff sought to add claims of intentional infliction of emotional distress and a wrongful discharge public policy tort claim.

Plaintiff correctly states that the LMRA does not preempt claims under the Whistleblowers' Protection Act (WPA), MCL 15.361 *et seq.*, even if those claims pertain to reporting wrongdoing relating to an employer's labor practices. *Henry v Laborers' Local 1911*, 495 Mich 260, 293-295; 848 NW2d 130 (2014). However, the WPA has a 90-day limitations period, MCL 15.363(1), that plaintiff undisputedly failed to meet. Plaintiff therefore attempts to characterize his proposed claim as "*not* a WPA claim, [but] *analogous* to a WPA claim." To the extent plaintiff contends that he was retaliated against because of his threats to report defendants' alleged conduct to any of several law enforcement entities, those *are* in fact WPA claims: if defendants took plaintiff at all seriously, they inevitably must have concluded that he was "about to report . . . a violation or suspected violation of a law or regulation or rule." MCL 15.362. To the extent plaintiff contends that he was retaliated against for "overtly protesting or resisting a suspected illegal or criminal act" but, apparently, not actually reporting it, all plaintiff manages is a convoluted and opaque repackaging of the same substance: that he was retaliated against for exercising rights guaranteed by the NLRA.

Plaintiff correctly notes that in Michigan, there are three "public policy" exceptions to the general rule of at-will employment, under which an employer may not terminate an employee for "exercising a right guaranteed by law, executing a duty required by law, or refraining from violating the law." *Landin v Healthsource Saginaw, Inc*, 305 Mich App 519, 524-526; 854 NW2d 152 (2014), citing *Suchodolski v Michigan Consol Gas Co*, 412 Mich 692, 695-696; 316 NW2d 710 (1982). It has not been explicitly stated whether plaintiff was expressly considered

an "at-will employee," but because there is no dispute that a labor agreement governed the terms and conditions of his employment, including providing him with a grievance process to resolve disputes, we suspect not. Nonetheless, presuming those public policy exceptions have broader applicability, they cannot override explicit legislative pronouncements or Federal preemption. Plaintiff has provided no evidence that he was terminated for refusing to violate a law or for carrying out a duty required by law. If he was terminated for exercising a right guaranteed by law, and the law guaranteeing that right specifies an exclusive remedy, plaintiff may avail himself of that remedy only. The trial court correctly found this proposed amendment to be futile.

Plaintiff's proposed intentional infliction of emotional distress claim promised to establish that he complained about his tires being deflated in the company parking lot after his initial reinstatement at work; he threatened to call the police and a HIPAA enforcement agency; he went on medical leave and was immediately declared "terminated"; he was a victim of physical harassment resulting in stress-related symptoms; he was told he "would work here longer" if he dropped the NLRB charges; and he was the victim of numerous bogus write-ups and pressures from many of defendant Stafford's agents. Several of these proposed allegations are obviously preempted for reasons already discussed: plaintiff's reporting threats are preempted by the WPA, and the alleged threat concerning his NLRB charges is within the NLRB's exclusive jurisdiction.

Under Section 301(a) of the Labor Management Relations Act (LMRA), 29 USC § 141 *et seq.*,

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. [29 USC 185(a).]

Although § 301 "does not contain an express preemption clause," it does impliedly preempt state claims that are "inextricably intertwined with consideration of the terms of the labor contract and when application of state law to a dispute requires the interpretation of a collective bargaining agreement" or even merely "could . . . involve the meaning or scope of a term in a [labor] contract suit." *Arbuckle v Gen Motors LLC*, 499 Mich 521, 533-535; 885 NW2d 232 (2016). A claim that either "requires interpretation of collective bargaining agreement terms" or involves a right "created by the collective bargaining agreement" is preempted by § 301. *Id*.

Some of the allegations plaintiff proposes might be actionable in other contexts. However, the context here is critical. The gravamen of plaintiff's claims, however presented, is that he was improperly disciplined by Stafford and improperly represented by the Union. Plaintiff's claims arise out of the employment relationship, and there was a collective bargaining agreement governing the terms and conditions of that employment relationship, including resolving disputes through grievances. Because plaintiff's accusations were both related to the collective bargaining agreement and were themselves the basis for the intentional infliction of emotional distress claim, it would be impossible to resolve the claim without interpreting terms of the collective bargaining agreement. Therefore, plaintiff's proposed claim would be

preempted by § 301 of the LMRA and subject to its six-month statute of limitations. See *DelCostello v Int'l Brotherhood of Teamsters*, 462 US 151, 172; 103 S Ct 2281; 76 L Ed 2d 476 (1983); *Romero v Paragon Steel Div*, 129 Mich App 566; 341 NW2d 546 (1983). Plaintiff sought to amend his complaint long after the six-month statute of limitations applicable to claims governed by § 301 would have expired. Therefore, the trial court properly found the proposed amendment futile because the charge was not actionable. *PT Today*, *Inc*, 270 Mich App at 143.

Affirmed.

/s/ Michael J. Riordan
/s/ Amy Ronayne Krause
/s/ Brock A. Swartzle