CULVER, ex rel. LONGYEAR, v. BROWN.

1. SCHOOLS AND SCHOOL DISTRICTS—CONTRACTS BETWEEN MEMBERS AND BOARD ILLEGAL—INJUNCTION—STATUTES.
    Under 2 Comp. Laws 1929, § 7692, it is illegal for member of board of education to furnish material or supplies to school district of which he is officer, or to be personally interested, directly or indirectly, in any contract with said school district, and payment of money under such contract may be enjoined.

2. SAME—RECOVERY OF FUNDS MISAPPROPRIATED—STATUTES.
    Act No. 94, Pub. Acts 1929 (1 Comp. Laws 1929, § 2711), authorizing taxpayer's suit to recover money misappropriated or unlawfully expended by public officials, restricts right to recover to mentioned instances.

On personal interest of school officers in contract with district, see annotation in 34 L. R. A. (N. S.) 131, 135; 74 A. L. R. 792.

3. SAME—RECOVERY OF MONEY PAID TO MEMBER FOR AUTHORIZED
   SUPPLIES.

   Money paid to member by board of education for authorized
   supplies is not recoverable in taxpayer's suit under Act No. 94,
   Pub. Acts 1929 (1 Comp. Laws 1929, § 2711), where there
   was no fraud or collusion, and school district received and
   retained said supplies; money paid therefor being neither mis-
   appropriated nor expended for unlawful purposes within mean-
   ing of said statute.

Appeal from Ingham; Carr (Leland W.), J. Sub-
mitted April 19, 1932. (Docket No. 146, Calendar
No. 36,454.) Decided June 6, 1932.

Bill by Sidney H. Culver, on the relation of Henry
B. Longyear, treasurer of School District No. 1,
Township of Vevay and City of Mason, a municipal
corporation, against Vernon J. Brown and another
for an accounting. Bill dismissed. Plaintiff ap-
peals. Affirmed.

*Pierce & Planck,* for plaintiff.

*Cummins & Cummins,* for defendants.

WIEST, J. Defendant Vernon J. Brown, a di-
rector of school district No. 1, township of Vevay
and city of Mason, furnished printing and supplies,
through a copartnership of which he was a member,
to the school district. This was illegal on his part.
The statute (2 Comp. Laws 1929, § 7692) provides:

"It shall be illegal for any member of the board
of education  *  *  *  to perform any labor except
as provided in this act, or furnish any material or
supplies for the school district in which he is an
officer, or to be personally interested in any way
whatever, directly or indirectly, in any contract with
the district in which he holds office."

Plaintiff is a taxpayer in the district and filed the bill herein for an accounting and recovery of the money so expended. He invokes Act No. 94, Pub. Acts 1929 (1 Comp. Laws 1929, § 2711), which provides:

"Any person or persons, firm or corporation, resident in any township or school district, paying taxes to such political unit, may institute suits or actions at law or in equity on behalf of or for the benefit of the treasurer of such political subdivision, for an accounting and/or the recovery of funds or moneys misappropriated or unlawfully expended by any public officer, board or commission of such political subdivision."

This statute, instead of extending right to recover, restricts the right to mentioned instances.

The bill was dismissed, and plaintiff appealed. The record presents no question of fraud or collusion or concert of purpose between the school board and defendants to evade the law. If it did an entirely different question would be presented. The governing rule, here applicable and barring recovery, is founded upon the fact that the school district has received services and supplies wholly legitimate for school purposes and the money paid therefor has neither been misappropriated or expended for unlawful purposes. The vice here disclosed was not in the expenditure, but in the fact that the defendant Vernon J. Brown, as an officer of the school district, was interested in furnishing needed and lawful printing and supplies.

This is not a case of enjoining payment because of the illegal act of defendant Vernon J. Brown. If it were, payment would be enjoined. *Ferle* v. *City of Lansing*, 189 Mich. 501 (L. R. A. 1917C, 1096); *Burns* v. *City of Nashville*, 142 Tenn. 541,

590 (221 S. W. 828), is authority for holding that recovery back of the money paid cannot be had.

Public funds, misappropriated or paid without value or for services not within the law, may be recovered, but there cannot be recovery for services or supplies required or authorized by law and furnished, paid for, and retained by the school district.

The decree dismissing the bill is affirmed, with costs to defendants.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.