ROHDE v ANN ARBOR PUBLIC SCHOOLS

Docket No. 253565. Submitted April 5, 2005, at Lansing. Decided April
14, 2005, at 9:05 a.m. Leave to appeal sought.

Teri Rohde and others, resident taxpayers in the Ann Arbor school
district, brought an action in the Washtenaw Circuit Court against
the Ann Arbor Public Schools (AAPS), the Ann Arbor Public
Schools Board of Education, and the board's president and trea-
surer. The AAPS provides medical benefits to certain same-sex
partners of AAPS employees, but not to unmarried heterosexual
partners of AAPS employees. The plaintiffs requested declaratory
and injunctive relief prohibiting that policy. The Ann Arbor
Education Association, MEA/NEA, intervened as a defendant. The
court, David S. Swartz, J., granted the defendants summary
disposition, concluding that the plaintiffs had not brought their
action on behalf of or for the benefit of the treasurer, as required
by MCL 129.61, and had failed to comply with the requirement of
that statute that they must first demand that the treasurer bring
suit. The plaintiffs appealed.

The Court of Appeals *held*:

1. The trial court erred by determining that the plaintiffs did
not bring their action on behalf of or for the benefit of the
treasurer as required by MCL 129.61, which permits certain
taxpayer lawsuits for an accounting or recovery of funds misap-
propriated or unlawfully expended. The plaintiffs are taxpayers
who argue that offering the benefits to same-sex partners is a
misappropriation of public funds. A lawsuit for the recovery of
funds misappropriated by a school district is always for the benefit
of that district's treasurer because recapture of misspent public
money would increase the school district's accounts and guide the
treasurer regarding the propriety of future expenditures. The facts
that the treasurer does not personally believe that the benefits
constitute misappropriation of funds and is named as a defendant
in the action do not mean that the lawsuit is not for the benefit of
the treasurer's office. It would violate common sense to interpret
MCL 129.61 in such a way that a treasurer's refusal to take action
could prevent taxpayer lawsuits for misappropriation, permitting
the misappropriation to continue.

2. The trial court properly determined that MCL 129.61 requires the plaintiffs to demand that the appropriate party within the school district bring an action for an accounting or recovery of misappropriated funds before bringing their own action. The purpose of the demand requirement is to inform the appropriate party, such as the treasurer, that legal action is forthcoming. The plaintiffs' letters to various individuals were merely requests that the alleged misappropriation stop. They were not a demand for legal action, and the plaintiffs did not send a letter to the treasurer. The burden was on the plaintiffs to meet the standing requirement of MCL 129.61. The plaintiffs could have ascertained from the statute that their letters did not meet the demand requirement, and the plaintiffs were not denied due process when the trial court itself raised this issue.

Affirmed.

1. PARTIES — STANDING — TAXPAYER LAWSUITS — TOWNSHIPS AND SCHOOL DISTRICTS.

An action for the recovery of funds allegedly misappropriated by a township or school district is for the benefit of the treasurer of that township or school district, as required by the statute permitting such lawsuits; the facts that a treasurer does not personally believe that the challenged conduct is misappropriation and that the treasurer is named as a defendant in the action, do not mean that the action is not for the benefit of the treasurer's office (MCL 129.61).

2. PARTIES — STANDING — TAXPAYER LAWSUITS — TOWNSHIPS AND SCHOOL DISTRICTS.

The statute permitting taxpayer lawsuits for the recovery of misappropriated township or school district funds requires that the taxpayer demand that the appropriate party within the township or school district bring an action for an accounting or recovery of the misappropriated funds before the taxpayer brings an action; a letter merely requesting that the misappropriation stop is not a demand for legal action (MCL 129.61).

*Thomas More Law Center* (by *Patrick T. Gillen*) for the plaintiffs.

*Dykema Gossett PLLC* (by *Seth M. Lloyd, James M. Cameron, Jr., Laura Sagolla,* and *Jill M. Wheaton*) for the Ann Arbor Public Schools, the Ann Arbor Public

Schools Board of Education, and the president and treasurer of the Ann Arbor Public Schools Board of Education.

*Arthur R. Przybylowicz* and *Theresa J. Alderman* for the Ann Arbor Education Association, MEA/NEA.

Amici Curiae:

*Kara J. Jennings, Jay D. Kaplan, Michael J. Steinberg,* and *Kary L. Moss* for the Washtenaw County Medical Society, the American Civil Liberties Union Fund of Michigan, the Women Lawyers Association of Michigan, and the Lambda Legal Defense and Education Fund.

*Stephen K. Postema,* City Attorney, for the city of Ann Arbor.

*Butzel Long, P.C.* (by *Leonard M. Niehoff, Dana M. Millikin,* and *Gregory N. Blase*), for the Regents of the University of Michigan and the Board of Governors of Wayne State University.

Before: CAVANAGH, P.J., and JANSEN and GAGE, JJ.

PER CURIAM. Plaintiffs appeal as of right the opinion and order granting defendants summary disposition. We affirm.

Plaintiffs are individual taxpayers who live in the Ann Arbor school district. Defendants provide medical benefits to certain same-sex partners of Ann Arbor Public Schools (AAPS) employees, but these benefits do not extend to unmarried heterosexual partners of AAPS employees. Plaintiffs sought declaratory and injunctive relief prohibiting the provision of these benefits, which are paid for with public funds derived from state and

local tax revenues. Defendants moved for summary disposition pursuant to MCR 2.116(C)(5), arguing that plaintiffs lacked standing to bring this lawsuit. The trial court agreed, finding that plaintiffs did not bring the lawsuit on behalf of or for the benefit of the AAPS treasurer and that they failed to comply with the demand requirement of MCL 129.61.

Plaintiffs challenge the trial court's grant of summary disposition to defendants. We review de novo a trial court's ruling on a motion for summary disposition pursuant to MCR 2.116(C)(5). *Aichele v Hodge,* 259 Mich App 146, 152; 673 NW2d 452 (2003). In reviewing a grant of a motion for summary disposition pursuant to MCR 2.116(C)(5), we must consider the pleadings, depositions, admissions, affidavits, and other documentary evidence submitted by the parties. *Id.* Statutory interpretation involves a question of law that we also review de novo. *Id.* Finally, whether a party has standing is a question of law that we review de novo. *Lee v Macomb Co Bd of Comm'rs,* 464 Mich 726, 734; 629 NW2d 900 (2001).

Legal actions must be prosecuted in the name of the real party in interest. MCL 600.2041; MCR 2.201(B). A real party in interest is one who is vested with a right of action in a given claim, although the beneficial interest may be with another. *Blue Cross & Blue Shield of Michigan v Eaton Rapids Community Hosp,* 221 Mich App 301, 311; 561 NW2d 488 (1997). "Traditionally, a private citizen has no standing to vindicate a public wrong or enforce a public right where he is not hurt in any manner differently than the citizenry at large." *Waterford School Dist v State Bd of Ed,* 98 Mich App 658, 662; 296 NW2d 328 (1980). This traditional common-law bar on taxpayer lawsuits has been relaxed under certain circumstances by statute. *Id.* at 662-663.

In the instant case, plaintiffs claim standing pursuant to MCL 129.61, which provides:

> Any person or persons, firm or corporation, resident in any township or school district, paying taxes to such political unit, may institute suits or actions at law or in equity on behalf of or for the benefit of the treasurer of such political subdivision, for an accounting and/or the recovery of funds or moneys misappropriated or unlawfully expended by any public officer, board or commission of such political subdivision. Before such suit is instituted a demand shall be made on the public officer, board or commission whose duty it may be to maintain such suit followed by a neglect or refusal to take action in relation thereto. Security for costs shall be filed by the plaintiff or plaintiffs in any such suit or action and all costs and expenses of the same shall be paid by the person or persons instituting the same unless and until a recovery of such funds or moneys be obtained as the result of such proceedings.

In its opinion and order, the trial court relied on two cases in support of its determination that plaintiffs did not file their lawsuit "on behalf of or for the benefit of" the AAPS treasurer: *Culver ex rel Longyear v Brown,* 259 Mich 294; 243 NW 10 (1932), and *Burton Twp v Speck,* 378 Mich 213; 144 NW2d 347 (1966). Neither decision supports the court's ruling. The *Culver* opinion does not address the meaning and application of the statutory phrase "on behalf of or for the benefit of the treasurer . . . ." Rather, the decision addresses whether the funds expended constituted "funds or moneys misappropriated or unlawfully expended . . . ." *Culver, supra* at 296-297. Additionally, the decision stands for the proposition, among others, that MCL 129.61 limits the right of a taxpayer to recover to the "mentioned instances," i.e., those specifically identified in the statutory language. *Culver, supra* at 296.

Furthermore, the trial court relied on the following language from *Burton Twp*: "The requirements of this statute are onerous. Any finding that the permission granted to a taxpayer to sue provided a substitute party for the supervisor, the township's designated agent, must meet all possible objections." *Burton Twp, supra* at 222 (ADAMS, J., dissenting). The trial court attributed this quote to "the Court," but it actually came from the dissenting opinion written by Justice ADAMS. Thus, the language relied on by the trial court is neither precedential nor binding. See *Salinas v Genesys Health Sys*, 263 Mich App 315, 318 n 3; 688 NW2d 112 (2004). Moreover, *Burton Twp* does not address the issue of taxpayer standing. The *Burton Twp* plaintiff did not sue as a taxpayer, but as the township supervisor, and *Burton Twp* addresses the tolling of the period of limitations.

Whether the instant action was filed "on behalf of or for the benefit of" the AAPS treasurer presents a question of statutory interpretation. There are no reported cases addressing the meaning or application of the language "on behalf of or for the benefit of," and the statute does not define this phrase. Accordingly, under the rules of statutory construction, every word and phrase must be ascribed its plain and ordinary meaning. Dictionary definitions may be consulted to this end. *Koontz v Ameritech Services, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002). *Random House Webster's College Dictionary* (1997) defines the phrase "on behalf of" as meaning "as a representative of or a proxy for" and "benefit" as "something that is advantageous or good."

We conclude that plaintiffs filed their lawsuit "on behalf of or for the benefit of" the AAPS treasurer, even though he was named as a defendant in the lawsuit. MCL 129.61 permits taxpayers to sue townships and

school districts for an accounting and recovery of misappropriated public moneys, provided the taxpayers bring the lawsuit "on behalf of or for the benefit of the treasurer" of the township or school district. Plaintiffs are taxpayers and argue that the AAPS, in offering benefits to the same-sex partners of AAPS employees, misappropriates public moneys. A lawsuit for the recovery of funds misappropriated by a township or school district is always "for the benefit of the treasurer" of that township or school district. Accordingly, if the payment of benefits to same-sex partners is deemed unlawful, then public money was misspent and may be recaptured. The recapture of funds would increase the funds in the AAPS account, over which the treasurer exercises control, and provide guidance to the treasurer regarding the propriety of future expenditures.

Defendants argue that the fact that the treasurer is a named defendant in this action proves that plaintiffs' lawsuit is not "on behalf of or for the benefit of" the treasurer. The fact that the treasurer did not personally believe that the AAPS benefits provision is a misappropriation of public moneys, and thus chose not to join plaintiffs' suit, does not mean that the lawsuit in which he is named as a defendant is not "for the benefit of" the treasurer. If, in fact, the offering of benefits to same-sex partners is a misappropriation of public moneys, a favorable resolution for plaintiffs is for the benefit of the office of the AAPS treasurer, regardless of whether the treasurer personally believes a misappropriation has occurred.

Moreover, it would violate common sense to interpret MCL 129.61 in such a way that a treasurer's refusal to take action could prevent taxpayers from suing the school district for misappropriation of funds. Such an interpretation would enable corrupt treasurers to block

the recovery of those funds and permit the misappropriation to continue. This certainly violates the spirit of MCL 129.61, which is to enable taxpayers to prevent misappropriation of public funds by government officials when the government officials themselves refuse to act. We therefore conclude that the trial court erroneously determined that plaintiffs did not bring this lawsuit on behalf of or for the benefit of the AAPS treasurer within the meaning of MCL 129.61.

Our inquiry does not end there, however. The trial court correctly determined that plaintiffs failed to satisfy the demand requirement of MCL 129.61. The statute provides, in part, "Before such suit is instituted a *demand* shall be made on the public officer, board or commission whose duty it may be to *maintain such suit* followed by a neglect or refusal to take action in relation thereto." (Emphasis added.) Plaintiffs claim that they satisfied this requirement by sending letters to various individuals, including members of the school board, requesting that the individuals stop the alleged misappropriation of funds. The wording of the letters is as follows:

> I [or We] write to request that you investigate and halt the use of public funds to provide so-called "domestic partnership" benefits to employees of the Ann Arbor public schools. I [or We] believe that the School District's extension of these benefits to its employees exceeds its authority and violates the state law governing marriage. I [or We] ask that you halt this illegal use of public funds at your earliest convenience.

Pursuant to MCL 129.61, the party must contact the appropriate party ("the public officer, board, or commission whose duty it may be to maintain such suit") and make a demand that a lawsuit be brought by that party for an accounting or recovery of misappropriated funds.

Consulting a dictionary to ascribe the term "demand" its plain and ordinary meaning, *Koontz, supra* at 312, we find that it provides the definition "to ask for with proper authority; claim as a right." *Random House Webster's College Dictionary* (1997). Moreover, the phrase "maintain such suit" indicates that the purpose of the demand requirement is to inform the appropriate party that legal action is forthcoming. Plaintiffs' letters are merely a request that the alleged misappropriation stop; they are not a demand for legal action. Moreover, plaintiffs did not send a letter to the AAPS treasurer, the officer likely responsible for maintaining such a lawsuit.

Plaintiffs claim that they were denied notice and an opportunity to be heard, and argue that the trial court's determination—that they failed to satisfy the demand requirement—violated their right to due process because the court raised the issue sua sponte. The burden was on plaintiffs to meet the standing requirements of MCL 129.61, and they were aware of the demand requirement. From the face of the statute, they could have ascertained that their letters did not meet that requirement. That the court, on its own accord, raised the issue of plaintiffs' failure to meet the demand requirement did not violate their right to due process. We therefore conclude that the trial court properly granted defendants summary disposition because plaintiffs failed to meet the demand requirements of MCL 129.61.

Given our resolution of the standing issue, we need not consider plaintiffs' remaining issue.

Affirmed.