# STATE OF MICHIGAN

# COURT OF APPEALS

---

CIENNA BROWN,

Plaintiff-Appellant,

v

JP MORGAN CHASE BANK NATIONAL
ASSOCIATION and FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

Defendants-Appellees.

UNPUBLISHED
April 21, 2016

No. 325825
Wayne Circuit Court
LC No. 13-013182-CH

---

Before: JANSEN, P.J., and SERVITTO and M. J. KELLY, JJ.

PER CURIAM.

In this action to quiet title and set aside a foreclosure sale, plaintiff, Cienna Brown, appeals by right the trial court's order granting the motion for summary disposition by defendants, JP Morgan Chase Bank (Chase) and Federal National Mortgage Association (Fannie Mae). Because the trial court properly granted summary disposition in favor of Chase and Fannie Mae, we affirm.

In 2008, Brown borrowed funds from Quicken Loans to purchase a home. She executed a note for the loan and granted Michigan Electronic Registration System (MERS)—as the nominee of Quicken Loans—a mortgage to secure repayment of the note. Quicken Loans and MERS eventually transferred Brown's note and mortgage to Chase.

In May 2012, Brown defaulted on the payments required under the note. Chase informed her that it was starting foreclosure proceedings. Chase also provided Brown with notices informing her of her right to seek a loan modification under MCL 600.3205a.[1] Brown responded by requesting permission to conduct a short sale of the property. She submitted a signed, written document to Chase stating that she no longer wished to be considered for a loan modification. Chase memorialized her wishes in a letter acknowledging that she was no longer being considered for a loan modification per her request. Chase later rejected the short sale proposal as well.

---

[1] This statute has since been repealed.

-1-

In February 2013, Chase finalized foreclosure proceedings and the sheriff sold the property at auction. Chase purchased the property at the sale and transferred the property to Fannie Mae in March. Brown did not challenge the foreclosure sale before the applicable redemption period expired in August 2013. Chase and Fannie Mae eventually sued Brown in district court to evict her from the property. In October 2013, Brown responded by suing Chase and Fannie Mae to rescind the foreclosure and quiet title.

Brown asserted that she was entitled to have title quieted in her favor and the foreclosure set because Chase and Fannie Mae failed to properly conduct the loan modification process required under MCL 600.3205a. After discovery, Chase and Fannie Mae moved for summary disposition, arguing primarily that Brown lacked standing to sue, considering that she had not challenged the foreclosure proceedings before the redemption period expired. Brown argued in response that she could challenge the foreclosure sale for fraud or irregularity. However, Brown's only allegations that potentially involved fraud or irregularity were her claims involving the loan modification process. The trial court determined that she did not have standing because she failed to act before the redemption period expired and because there was no fraud or irregularity in the foreclosure. The trial court denied a similar motion for reconsideration, and Brown then appealed in this Court.

On appeal, Brown argues that the trial court erred when it granted summary disposition because there was evidence of fraud or irregularity in the foreclosure sale. "This Court reviews decisions on motions for summary disposition de novo to determine if the moving party was entitled to judgment as a matter of law." *Alcona Co v Wolverine Envtl Prod, Inc*, 233 Mich App 238, 245; 590 NW2d 586 (1998). "Review of a determination regarding a motion under MCR 2.116(C)(5), which asserts a party's lack of capacity to sue, requires consideration of the pleadings, depositions, admissions, affidavits, and other documentary evidence submitted by the parties." *McHone v Sosnowski*, 239 Mich App 674, 676; 609 NW2d 844 (2000) (quotation marks and citation omitted). Summary disposition under MCR 2.116(C)(5) is proper where a party lacks standing to sue. *Rohde v Ann Arbor Pub Schools*, 265 Mich App 702, 705; 698 NW2d 402 (2005). We review de novo whether a party has standing. *Id*.

Under MCL 600.3240, "after a sheriff's sale is completed, a mortgagor may redeem the property by paying the requisite amount within the prescribed time limit, which here was six months." *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014). "Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named . . . all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage . . . ." MCL 600.3236. Likewise, "at the expiration of such right . . . all plaintiff['s] rights in and to the property were extinguished." *Piotrowski v State Land Office Bd*, 302 Mich 179, 187; 4 NW2d 514 (1942). Accordingly, after the expiration of the period of redemption, the former owner of an interest no longer has standing to sue for claims involving the property. *Bryan*, 304 Mich App at 713-715. This rule can only be avoided by an equitable extension of the tolling period by a showing of fraud or irregularity. *Id*. at 714.

Brown admits that she took no action to redeem the property within the period of redemption. Therefore, in the absence of evidence of fraud or an irregularity in the foreclosure, she lacked standing to sue. *Id.* at 715. Brown's only allegations of fraud or irregularity involved

Chase's purported failure to follow the loan modification procedures stated under MCL 600.3205a. It is, however, undisputed that Brown voluntarily requested that she not be considered for a loan modification. There being no evidence of fraud or irregularity, there was no equitable tolling of the right of redemption, and Brown lacked standing to sue. See *Bryan*, 304 Mich App at 713-715. Consequently, the trial court did not err when it dismissed her claims against Chase and Fannie Mae under MCR 2.116(C)(5). See *Rohde*, 265 Mich App at 705.

Affirmed.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael J. Kelly